### SHIRLEY *vs.* SHIRLEY and LAMBERT.

Where personal chattels are bequeathed to a feme covert for her separate use, or to a single woman free from the control of her future husband, the court of chancery will protect her interest therein, against the creditors of her husband, although no trustee is named in the will of the testator to hold them for her separate use.

But where chattels are bequeathed to a feme covert generally, or without any restriction, and have been reduced to possession by the husband, with her consent, they become his property in equity as well as at law, and may be taken in execution for his debts.

If a feme covert, who has a separate estate, purchases articles of furniture with the rents and profits of such estate and puts them into the possession of her husband, without any agreement or understanding with him that he shall hold them as her trustee, or that the title shall be vested in any other person for her separate use, the articles thus purchased become the property of her husband, and are liable to be sold for his debts.

**1841.**

*Shirley*
*v.*
*Shirley.*

October 27.

This was an appeal by the complainant from a decree of the vice chancellor of the first circuit dismissing her bill. The complainant was the wife of the defendant W. W. Shirley, and the bill was filed to protect the furniture in the house of her husband from a mortgage thereon, given by him to the defendant Lambert, under the following circumstances : A part of the furniture was claimed as having been bequeathed to the complainant by her deceased aunt ; and as to the residue, she claimed that she had purchased it with monies which she received for the rents of real estate, which had been devised to her for her separate use free from the control of her husband. The defendant Lambert having obtained a judgment and execution against the husband and being about to levy the same upon his property, the husband, with the knowledge of the wife, mortgaged this furniture to secure the payment of that debt at a future day. And the debt not being paid, Lambert was proceeding to enforce the mortgage against the property.

*J. Rhoades*, for the appellant.

*J. Wallis*, for the respondent Lambert.

The Chancellor decided that as the specific articles of furniture bequeathed to the wife by her aunt, were not bequeathed to her separate use, or free from the control of the husband, they were subject to his control, and were liable to his debts after they had been reduced to possession by him. That where personal chattels were bequeathed to a feme covert for her separate use, or were bequeathed to a single woman free from the control of her future husband, the court of chancery would protect her interest therein against the creditors of her husband, although no trustee was named in the will of the testator to hold them for her separate use. (*Newland* v. *Paynter*, 4 *My. & Cr. Rep.* 408.) But that where they were bequeathed to her generally, without any such restriction, and had been reduced to possession by the husband with her consent,

they became his property in equity as well as at law. That the furniture purchased by the wife, with the monies received for the rents of her separate estate, and mixed with the other furniture of the husband, was also his property and liable to his debts; there being no agreement or understanding between them at the time of the purchase, that such furniture should be kept by him as her trustee merely, or that the title thereof should be vested in any other person for her separate use.(*a*)

Decree affirmed with costs to be paid by the next friend of the appellant.

(*a*) See *Crane* v. *Brice*, 7 *Meeson & Welsby's Reports*, 183 ; *Rex* v. *French*, *Russell & Ryan's Crown Cases*, 491 ; *St. John's case*, *Godolphin's Orphan's Legacy*, 153 ; and 4 *Viner's Abridgment*, 48, *S. C.*