THE STATE, TO USE OF GOLDSALL, Appellant, v. WATSON *et al.*, Respondents.

1. Where a constable or other officer, previous to the levy of an execution, demands and obtains an indemnification bond of the plaintiff under the first section of the sheriff's and marshal's act of March 3, 1855, (Sess. Acts, 1855, p. 464,) he will be exempt from liability on his official bond at the suit of a claimant of the property levied on and sold other than the defendant, although such claimant may have claimed the property of the officer orally and not in conformity to the third section of said act.

2. It is not the failure of the claimant to give notice of this claim to the officer in the form required by the third section of said act that exempts the officer from liability to such claimant; it is the taking of an indemnification bond in conformity to the provisions of the first section of said act.

*Appeal from St. Louis Circuit Court.*

This was an action brought on the official bond of William B. Watson, as constable, against him and his securities, for wrongfully levying upon and converting certain property belonging to the plaintiff Goldsall. It appeared in evidence that one Kahn obtained a judgment before a justice of the peace against one Lewis Davis. An execution issued and was placed in the hands of Watson. Watson levied on certain personal property as the property of the defendant Davis.

Goldsall verbally informed Watson that he claimed the property as his. Watson then required the plaintiff in the execution to execute a bond of indemnity, which was done, and the property sold and the proceeds applied to the execution. Goldsall made no claim in writing in conformity to the third section of the act of March 3, 1855. At the trial, the defendant offered the bond in evidence, and it was ruled out on the ground that it was immaterial, no written notice of claim to the property levied upon having been given in conformity to the third section of said act of March 3, 1855.

The court, at the instance of the defendant, gave the following instruction : " The jury are instructed that unless Meyer Goldsall set forth his claim to the property levied upon by defendant Watson in writing, verified by his affidavit, or that of his agent, describing the property claimed, and stating his interest therein, and whether said interest was in the whole or only part thereof, and stating also that he was in good faith the lawful owner of the interest claimed by him in said property, and that Louis Davis, the defendant in such execution, had or has no right or title directly or indirectly in the said property, or in the interest in said property claimed by said Meyer Goldsall, and that such claim so made by said Goldsall was not made in collusion with said Lewis Davis, defendant in said execution, for the purpose of vexing, hindering or delaying the said Natale Kahn, plaintiff in said execution, in obtaining his just rights, then the plaintiff can not recover in this snit, and the jury must find for the defendant."

The plaintiff took a nonsuit, with leave, &c.

*Cline & Jamison*, for appellant.

*Decker & Voorhis*, for respondents.

I. The instruction given was correct. If the officer disregards a claim legally made under the statute and fails to take a bond as required, then the claimant may have his remedy against the officer as heretofore, on his official bond or otherwise. If the officer demand and obtain the bond,

then he is not liable in any manner, but the claimant must take his remedy against the obligors in the bond.

NAPTON, Judge, delivered the opinion of the court.

We do not consider it material whether the claim to property levied on under execution is made in conformity to the third section of the act of March 3, 1855, or not, if the officer chooses to treat it as a valid claim under the act, and demands and takes of the plaintiff in the execution a sufficient indemnification bond. The fifth section provides that where the officer takes such bond, with good and sufficient security, he shall not be liable to such claimant for any damage or injury sustained by such claimant in consequence of such levy or sale. Although the instruction, upon which the plaintiff was nonsuited, was erroneous, yet, as the same result would have followed from the fact that an indemnification bond was given, we shall affirm the judgment of the circuit court. The other judges concur.