### KIRKPATRICK VS. BUFORD ET AL.

The proceeds of the sale of the sole and separate property of the wife are to be regarded as her separate estate; and so are lands purchased with such proceeds, and they are subject to the same rules as was the original estate before it was sold and converted into a different species of property.

On a bill by a wife to enjoin the sale of her sole and separate property by the creditors of her husband, he is a necessary party to the bill; his appearance as the next friend of his wife is not sufficient; she ought to sue as sole plaintiff, by her next friend, and make her husband a party defendant.

Where there are merits in a bill, and it is defective solely for the want of proper parties, it ought to be dismissed without prejudice, and not absolutely.

*Appeal from Ashley Circuit Court in Chancery.*

Hon. THEODORIC F. SORRELLS, Circuit Judge.

YELL, for the appellant.

It is alleged and admitted that the land sought to be enjoined from sale, was the complainant's separate property, purchased with her sole and separate money, made so by marriage contract.

The suit was brought by the wife, by her husband as next friend—he consented to act as such—knew the object of the bill—consented to it as drawn, and may therefore be considered as a party to it.

HARRISON, for the appellee.

The husband had a direct interest in the subject matter of the suit, and should have been made a party. *Story's Eq. Pl.* secs. 61, 63, 72; *Welford's Eq. Pl.* 44; *Wake vs. Parker,* 2 *Keen* 59; *Moore & wife vs. Carter et al., Hemp. C. C. R.* 64.

Upon the entry of the land by the wife, her husband became seized *jure uxoris,* and was entitled to the rents and profits during their joint lives, (2 *Kent's Com.* 130) and his interest was subject to seizure and sale. *Ib.* 131.

Though the ante-nuptial agreement gave the wife a separate estate in the furniture, she had no such estate in the land. But if the marital rights of the husband are excluded, the interest of the wife could not be affected or impaired by a sale of the land. *Lovett & wife vs. Longmire,* 14 *Ark.* 340.

Mr. Justice COMPTON delivered the opinion of the Court.

The appellant, Ann P. Kirkpatrick, by her next friend Elijah Kirkpatrick, exhibited her bill in the Ashley Circuit Court to enjoin the sale of certain lands, levied on as the property of her husband, Elijah Kirkpatrick, to satisfy a judgment which the appellees, Buford & Pugh, had recovered against him.

The bill charges that by ante-nuptial settlement, made in the State of Georgia, by and between Mrs. Kirkpatrick and the said Elijah, certain articles of household furniture were settled upon her, to her sole and separate use, free from the control of her husband, and exempt from his liabilities; that she continued afterwards to hold the furniture as her own separate property until she and her husband were about moving to the State of Arkansas, when she sold it, and with the proceeds, or a portion of them, after her arrival in Arkansas, entered at the United States Land Office, in her own name, the lands levied

on; and denies that they were the lands of her husband, or subject to his debts.

A demurrer was sustained to the bill and Mrs. Kirkpatrick appealed.

Two questions were raised upon the demurrer in the court below, and have been argued here: 1st, whether there was any equity in the bill; and 2d, whether the husband was a necessary party.

As to the first of these propositions, it may be said to be true, as contended by the counsel for the appellees, that the husband has an interest in the freehold estate of the wife, which may be seized and sold on execution. 2 *Kent Com.* 131. But that is not the question involved. We are called on to determine whether the proceeds of the sale of Mrs. Kirkpatrick's separate property, or the lands she purchased with them, are to be regarded as her separate estate. That they are so regarded, and subject to the same rules as was the original estate before it was sold and converted into a different species of property, has, in effect, been repeatedly held in the English and American courts. *Gore vs. Knight*, 2 *Vern.* 535; *Hearle vs. Greenbank*, 3 *Atk.* 709; *Felleplace vs. Gorges*, 1 *Ves.* p. 48; *Hathaway vs. St. John*, 20 *Con.* 343; *Quick vs. Garrison*, 10 *Wen.* 335; *Merret vs. Lyon*, 3 *Barb. S. C.* 110; *Strong vs. Skinner*, 4 *ib.* 546; *Young vs. Jones*, 9 *Humph.* 555.

There being no provision in the ante-nuptial agreement restraining the right of Mrs. Kirkpatrick to dispose of the household furniture, she must, in respect to it, be considered in equity as a *feme sole*, with full power to make disposition of it in any mode she chose to adopt. *Strong vs. Skinner*, 4 *Barb. S. C.* 553; *Jaques vs. Methodist Episcopal Church*, 17 *John.* 548. If by a mere sale of the separate estate and the investment of the proceeds in the purchase of other property, she lost her estate, and the husband acquired the property thus purchased, without any intention on her part to give it to him, then this unqualified right of disposition was a delusion, and its exercise an injury.

In *Hathaway vs. St. John,* 20 *Con.* 343, *supra,* the wife was the owner of bank stock as her separate property. The stock was sold at her request, and the avails laid out in real estate; which, through the agency of her trustee, was first mortgaged and then sold to secure and pay for a pair of horses and carriage, which were bought for and went into the possession of the wife. The property being afterwards in the possession of the husband, it was attached as his property at the suit of a creditor. In replevin by the wife's trustee against the creditor, it was held: 1st, that when the land was sold and the horses and carriage purchased, the wife had, in equity, full capacity to act as a feme sole in relation to the property, and to direct the sale of the former and the purchase of the latter; and 2nd, that the temporary possession of the husband at the time the property was attached, did not essentially vary the right of the wife or of her trustee.

In *Ferguson & Neill vs. Moore and wife,* 19 *Ark.* 387, the same principle was pressed in argument, upon the authority of *Young vs. Jones,* 9 *Humphrey* 555, and Mr. Justice SCOTT said: "The doctrine contended for by the counsel for the appellee, that the right of property, in a married woman, attaches to the fund arising from the sale of her sole and separate estate, to the same extent which existed in regard to the property before the sale, although doubtless sound in itself, has no application to this branch of the case, because here, as we have seen, the wife had no sole and separate property in the lands in question."

It is admitted that property may be purchased with the products of the wife's separate estate, and put into the possession of the husband under such circumstances as to raise the presumption that the wife intended it should be a gift to the husband, and not that he should hold it as her trustee, as in *McGlinsey vs. McGlinsey,* 14 *Serg. & Raw.* 64; *Shirley vs. Shirley,* 9 *Paige Ch.* 363. But in this case, there is nothing stated in the bill from which a gift by Mrs. Kirkpatrick to her husband could be inferred, and a court of equity will interpose

to protect her separate estate against his creditors. *Shirley vs. Shirley, supra.*

That the husband was a necessary party to the bill, there can be no doubt. Mr. Justice STORY, in his work on *Eq. Plead. sec.* 63, lays it down as the correct practice in such cases, that the wife "ought to sue as sole plaintiff, by her next friend, and the husband should be made a party defendant; for he may contest that it is her separate property, and the claim may be incompatible with his marital rights." In the case before us, the husband was brought before the court in no other capacity than as next friend to the wife; and in that attitude a decree would not affect his rights as husband.

There being merits in the bill, and it being defective in no other respect than that the husband was not made a party, the court should have dismissed it without prejudice—and not absolutely. The decree must therefore be reversed, and the cause remanded with instructions to dismiss the bill without prejudice to the right of Mrs. Kirkpatrick to bring a bill with proper parties.