SAMUEL HAMBLETON, Appellant, v. BERNARD M. LYNCH, Respondent.

*Officer—Possession.*—When a constable of St. Louis county had levied upon a slave by virtue of executions from a justice of the peace, and upon a claim of property made by a claimant had taken a bond of indemnity from the plaintiffs in the executions, in accordance with the statute, and had placed the slave in the possession of defendant as bailee; *held,* that the possession of the bailee was that of the constable; and that an action for the delivery of the slave could not be maintained against the bailee.

*Appeal from St. Louis Court of Common Pleas.*

Watson, as constable of St. Louis township, seized a negro slave by virtue of executions issued by L. Waite, a justice of the peace, in favor of Parker et al. against one Dunnell. The plaintiff in this suit made his claim under oath, in accordance with the local act for St. Louis county, entitled "An act concerning the duties of sheriff," &c., of March 3, 1855, (Session

Acts, 1855, p. 464); and thereupon the plaintiffs in the execution gave the constable bond, and directed him to proceed with the sale, as required by the act. The defendant in this suit had the possession of the slave as the depositary of the constable, Watson. Upon the trial, the court gave judgment for the defendant, upon the agreed case.

*Lackland, Cline & Jameson,* for respondent.

The only question, we perceive, which arises upon the record in this case is, whether an action of replevin or claim and delivery of personal property will lie against an officer for property levied upon by him under an execution, after the claimant has filed his claim, and the bond has been given agreeably to the provisions of the statute. That question is settled in the case of the State to use of Goldsall v. Watson, 30 Mo. 122.

No brief for appellants on file.

BATES, Judge, delivered the opinion of the court.

Hambleton sued Lynch for possession of a slave. The slave had been seized in execution against a third person by constable Watson, who deposited him with Lynch, who was keeper of a negro yard, merely for safe keeping.

After the seizure of the slave by the constable, he was claimed by the plaintiff Hambleton, and thereupon the plaintiff in the executions gave indemnification bonds, as provided by the statute, and required the constable to sell the slave. Before sale, the slave was taken from the possession of Lynch by the proceedings in this case. At the trial, judgment was given for the defendant. The judgment was right. The possession of Lynch was the possession of the constable only, and the suit could not be maintained against the constable. (State to the use of Goldsall v. Watson, 30 Mo. 122; St. Louis, Alton and Chicago Railroad v. Castello, id. 124.)

Judgment affirmed. Judges Bay and Dryden concur.