Alvah Fitch, Respondent, v. George R. Rathbun, Appellant.

Where household furniture belonging to a married woman is, with her consent, taken to the house of her husband, mingled with his furniture and used therewith for the household purposes, it does not thereby become the property of her husband, but the title remains in her; and her assignee can maintain an action against the husband for a conversion thereof, or to recover the proceeds received by him on its sale.

(Submitted September 28, 1874; decided January term, 1875.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment entered in favor of plaintiff, upon the report of a referee.

The complaint in this action alleged: "That Mary Rathbun, on or about the 6th of March, 1866, was the owner of a quantity of household furniture, of the value of $250, of which the defendant became possessed, and sold the same and received therefor $250, and thereby became indebted to her in that amount; and that she afterward, and before the commencement of this action, sold and assigned to the plaintiff her claim against the defendant therefor, who thereby became the owner and holder of the same."

On the trial, it appeared that Mary Rathbun, the assignor of the demand sued upon, was the daughter of the plaintiff and the wife of the defendant, to whom she was married in 1857, and with whom she, shortly after their marriage, went to house-keeping in a house owned by the defendant; that from time to time she became the owner of certain household furniture, by gift from her father, and that the same was taken to the house of her husband, where there were other articles of household furniture belonging to him, all of which were appropriated to household use, and were so used until 1866, when the husband and wife ceased to dwell together. He then sold his home and the furniture, including that so given to his wife, and received payment therefor. At the commence-

ment of the trial, before any evidence was given, the defendant moved to dismiss the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action; which motion was denied, and the defendant excepted. After the commencement of the trial, as soon as it had appeared that the plaintiff's assignor was the wife of the defendant, and the plaintiff was about to prove her ownership of the property and of what articles it consisted, the defendant objected that the plaintiff could not, under the pleadings, "show or prove the articles." The objection was overruled and the defendant excepted; and, when the evidence closed, the defendant moved again that the complaint be dismissed upon the ground that the plaintiff had not shown facts sufficient to constitute a cause of action. The motion was denied and the defendant excepted.

As a conclusion of law from the facts stated the referee found that the plaintiff was entitled to recover $200 and interest; to which the defendant also excepted.

*Rollin Tracy* for the appellant. Plaintiff took the assignment of this claim, subject to defendant's equities, against his wife's title. (*Bush* v. *Lathrop*, 22 id., 535; *Roberts* v. *Carter*, 24 How. Pr., 44.) This action is the same as if brought by the wife, and cannot be maintained against her husband. (*Savage* v. *O'Neil*, 44 N. Y., 302; *Sherman* v. *Ballon*, 8 Cow., 304; *White* v. *White*, 25 N. Y., 328; *Ransom* v. *Nichols*, 23 id., 110; *Hatfield* v. *Sneden*, 54 id., 280; *Gould* v. *Gould*, 29 How. Pr., 441; *Earle* v. *Barnard*, 22 id., 440; *Freethy* v. *Freethy*, 42 Barb., 641; *Longendyke* v. *Longendyke*, 44 id., 366.) The claim can now be enforced only by an equitable action. (*Goulet* v. *Asseler*, 22 N. Y., 225; *Eldridge* v. *Adams*, 54 Barb., 417; *N. Y. L. Ins. Co.* v. *Suprs. of N. Y.*, 4 Duer, 192.) The articles having been given prior to 1860 for the use of both defendant and his wife, and having been mingled with other articles belonging to defendant, they are his property and cannot be recovered. (*Shirley* v. *Shirley*, 9 Paige Ch., 363; *Glynn* v. *Younglove*,

27 Barb., 480; *Lovett* v. *Robinson*, 7 How. Pr., 105; *Nowlen* v. *Cobb*, 6 Hill, 461; *Russel* v. *Allen*, 3 Kern., 196.)

*H. V. Howland*, for the respondent. The action was brought in proper form. (*Whitney* v. *Whitney*, 49 Barb., 319; 3 Abb. Pr. [N. S.], 350; Laws 1862, chap. 172, §§ 3, 7, 8; *Sherman* v. *Elder*, 24 N. Y., 381; *Edgerton* v. *Thomas*, 5 Seld., 40; *Hastings* v. *McKinley*, Seld. Notes, 4, 19.) The demand was assignable. (12 Wend., 297; 6 How. Pr., 161; *McKee* v. *Judd*, 2 Kern., 622; *Butler* v. *N. Y. and E. R. R. Co.*, 22 Barb., 110; 19 Wend., 73.)

GRAY, C. The several grounds here relied on by the defendant for the reversal of the judgment appealed from are reducible to two principal grounds; the first of which, in its proper order is: That the furniture given by the plaintiff to the defendant's wife, having been, with her consent, taken to the house of the defendant, and there, with other articles of furniture belonging to him, appropriated to household use, became thereby his property in equity as well as at law; and as authority for this proposition he cites *Shirley* v. *Shirley* (9 Paige, 363), in which the chancellor held that furniture purchased by a *feme covert* with moneys received for the rents of her separate estate, and which by her consent was mixed with the furniture of her husband, became thereby the property of the latter, as well in equity as in law, and liable to his debts. Such is not now the law, since, by the legislation of this State, every married female within it has been invested with the *legal* right to take, by gift and otherwise, real and personal property, and hold or sell and assign the same, for her sole and separate use. The simple appropriation of any portion of her personal property to household use by the husband and wife, or the husband alone, by her consent, does not render it the property of the husband and liable to his debts; but her assignment of it carries with it a right of action against whoever converts it (*Sherman* v. *Elder*, 24 N. Y., 381, 384, 385), as did the assignment of the claim in this case.

The second ground relied upon, in its proper order, is:
That the plaintiff, having taken this assignment from the
wife, it is subject to all the equities of the husband; and,
assuming that if the wife had not assigned her claim, her only
remedy against her husband was by an action in equity, and
hence that her assignor, the plaintiff, was limited to the same
remedy, and could not maintain this action. To this, if there
be any thing in it, there are two answers: The first is, that
the ground was not taken at the trial; moving, before it
appeared that the defendant was the husband of the plain-
tiff's assignor, that the complaint be dismissed upon the ground
that it did not state facts sufficient to constitute a cause of
action did not suggest it. The objection, after it appeared
that he was the husband of the assignor, and when the plain-
tiff was about to prove of what articles the furniture given
by the plaintiff to the defendant's wife consisted, that he
could not, under the pleadings, prove that fact, did not sug-
gest that the plaintiff's remedy was in equity rather than at
law. Nor did the motion made at the close of the proofs,
that the plaintiff had not proved facts sufficient to consti-
tute a cause of action, contain a suggestion that the plaintiff's
remedy was in equity and not at law. The second answer is:
That the property assigned was such as, by statute, she was
the legal, and not merely the equitable owner, and had the
legal right to assign it; and in which the defendant did not,
as against her or her assignee, show himself to have any
equitable interest whatever.

The judgment should be affirmed.

All concur.

Judgment affirmed.