ELBRIDGE A. KINGMAN, Appellant, *v.* JETTE FRANK and GUSTAVE FRANK, Respondents.

*Husband and wife — right of a judgment creditor of the husband to collect a debt due to the husband from the wife.*

In this action, brought by a judgment creditor against the debtor and his wife, to reach property claimed to be applicable to the payment of the judgment, the complaint alleged that the wife owed the husband $1,040 for services rendered by him to her under an agreement by which she employed him to manage and superintend a separate business carried on by her, at a stipulated price per week.

*Held*, that under the facts stated, there existed a valid indebtedness owing from the wife to the husband and that the plaintiff could maintain this action.

Appeal from a judgment in favor of the defendants, entered upon an order sustaining a demurrer to the complaint.

*John Brooks Leavitt*, for the appellant.

*August Cohn*, for the respondents.

DANIELS, J.:

This suit was brought by the plaintiff as a judgment creditor of the defendant Gustave Frank, after the issuing and return of an execution unsatisfied against his property. The only property which it was alleged he had that was applicable to the payment of the judgment was a debt of $1,040 owing to him from his wife. This debt was alleged to have arisen for services performed by him in her employment under an agreement to employ him to manage and superintend a separate business carried on by her as a dealer in dry goods and notions, for which she agreed to pay him eight dollars a week. It is further alleged that he entered upon the performance of the agreement, and continued under it in her service until the alleged indebtedness had accrued in his favor. The demurrer was served upon the alleged ground that these facts did not constitute a cause of action, and it was sustained by the court for the reason that the husband himself could not enforce the payment of his salary by an action against his wife.

That she could employ him as she did to perform services for her in her separate business resulted from the statutory provision empowering her to carry it on, the same as though she was an unmarried woman, and the existence of that power of employment derived from this statutory authority has already received the sanction of the courts. (*Fairbanks* v. *Mothersell*, 60 Barb., 406; *Abbey* v. *Deyo*, 44 N. Y., 343; *Foster* v. *Persch*, 68 id., 400.) As she could enter into a lawful contract for the employment of her husband in this manner, and has been required by the statute to be considered as a *feme sole* in the exercise of the authority conferred upon her, it would seem to follow that she could obligate and bind herself for the payment of the stipulated compensation. From the facts made to appear the sum of money alleged in the complaint has been earned by him, and become payable from her for the performance of his services under a lawful agreement entered into by her, and it is to be presumed in support of the plaintiff's action that she would be willing to pay over the amount voluntarily to him in satisfaction of his demand against her husband as soon as the legal

right to receive payment shall be acquired in these proceedings from her husband. Certainly the court has no ground to assume; and for that reason to defeat the action, that she would not honestly and fairly perform her contract by payment of the money as soon as the plaintiff shall be placed in a position where he would have a legal right to receive it.

But it will not follow, from the inability of the husband to collect the debt by means of legal proceedings, that the plaintiff would be prevented from doing so by reason of the same disability, if it should be considered to exist, for this disability would extend no further than to affect the remedy, and would not stand in the way of the plaintiff to recover the debt, or of a receiver appointed for that purpose, under a proper judgment of this court. To warrant such a recovery all that would seem to be necessary is an obligation on the part of the wife to pay the money, and that obligation has been created by her contract and the performance of her husband's services under it. Those facts, together with the acquisition of the demand by the plaintiff, or by a receiver in the action, would be all that could be legally required to maintain an action for the recovery of the debt. In this respect the case would resemble that of a foreign executor or administrator, who while he could not maintain an action in this State to recover a demand due to the testator or intestate, might still assign it to another person who could upon the title so acquired successfully prosecute such an action. And that an assignee might in like manner recover this demand would seem to follow from the principle of *Fitch* v. *Rathbun* (61 N. Y., 579); for if the assignee of the wife may maintain an action against her husband for the conversion of her property, it would seem to follow that the assignee of the husband might also maintain an action against the wife to recover the amount of an indebtedness she had lawfully incurred to her husband. The case of *Perkins* v. *Perkins* (62 Barb., 531), when its circumstances are considered, will not appear to be an authority sustaining the conclusion arrived at by the Special Term. The other authorities, as well as the result of the statute to which reference has been made, appear to be sufficient to enable the plaintiff to maintain this action, and to obtain satisfaction of his demand out of the legal obligation created against the wife in favor of her husband.

The judgment should be reversed, with costs, and judgment should be directed for the plaintiff on the demurrer, with leave to the defendants to withdraw the demurrer and answer in twenty days on payment of the costs of the demurrer and of this appeal.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, with costs, and judgment directed for plaintiff on demurrer, with leave to defendants to withdraw the demurrer and answer in twenty days on payment of costs of demurrer and on appeal.