BELLE MCNAIR ILGENFRITZ, Respondent, v. WILLIAM D. ILGENFRITZ, Appellant.

Kansas City Court of Appeals, April 4, 1892.

1. **Married Woman:** SEPARATE PROPERTY: WEDDING PRESENTS: COMMON LAW: STATUTE. At common law the husband would be the owner of the wedding presents, but the language and intention of the married woman's act makes them the wife's separate property under her sole control, and it is not merely the object of the statute to free such property from the debts of the. husband, but to divest him of all interest therein.

2. ———: ———: INTENTION OF DONOR. Wedding presents before the marriage are the wife's "at her marriage," those given her afterward come to her during coverture by gift; and in either instance are her statutory separate property, without any such intention of the donor appearing, the statute itself designating the effect of the gift.

3. ———: WIFE'S REMEDY IN EQUITY. The married woman's act does not authorize the wife to sue the .husband at law; and the unity of husband and wife is not destroyed by these statutes.

*Appeal from the Pettis Circuit Court.*—HON. RICHARD
FIELD, Judge.

AFFIRMED.

THIS action was brought in the circuit court of
Pettis county, Missouri, returnable to the January term,
A. D. 1890, of said court. The petition, omitting the
caption, is in words and figures following, to-wit:

"Plaintiff states that she was legally married to
the defendant on the twenty-second day of December,
1880, at the church near her father's house, in the city of
St. Louis, and shortly thereafter came to her husband's
place of residence in the city of Sedalia, bringing with
her a large amount of personal property which belonged
to her; that thereafter the plaintiff and defendant, as
husband and wife, began housekeeping in certain prem-
ises, the property of plaintiff, and continued to live
together at such home until December, 1887. That
their said home was in a two-story, frame building,
situated upon block´—, in Stewart & Thompson's
addition to the city of Sedalia, in said Pettis county
and known as number 130, West Third street. That
when they moved into said house and commenced
housekeeping the plaintiff took with her, and placed in
said building for the use of the family and for the orna-
menting of their home, a large lot and great variety of
personal property of the plaintiff, and afterwards, and
from time to time as she acquired property of like
character, she brought it to the said home for the pur-
poses aforesaid. That all of said property was her sole
and separate property acquired by her in her own right
with her own means and by gifts from different persons.
That said property is now, as plaintiff is advised and
believes, stored and kept in said building or dwelling-
house, and is in the use and possession of the defendant.

Said property consists of the following articles: 'One case of silver, consisting of one dozen silver tea spoons, one dozen silver table spoons, one dozen silver forks, one butter knife, one sugar spoon,' marked, 'B. McN. I.' Then follows a long list of articles of similar nature, including also the following: 'One pair of white blankets, one white bed spread, one sewing machine—Wilcox & Gibbs' Automatic, one drop-light gas fixture and attachments, one ladies' writing desk and contents; wearing apparel and ladies' paraphernalia contained in bureau of north room, consisting of boys' long dresses, skirts, shawls, flannels, etc., etc., fancy work, pin cushions, bottles, crocheted mats, scarfs, etc., etc. Which are as plaintiff believes and avers of the aggregate value in cash of $750, but which being mostly of gifts and souvenirs are of a much greater value to plaintiff.'

"That afterwards, to-wit, in December, 1887, the plaintiff and defendant agreed to separate and live apart for a limited time, and she there and from time to time since then has demanded the articles of personal property aforesaid of the defendant, but he neglects and refuses to deliver the same to her, but wrongfully and unlawfully detains the possession thereof, from this plaintiff. Plaintiff states that all of said property being her sole and separate property as aforesaid she is entitled to the possession thereof, and the defendant refusing as aforesaid to deliver the same to her she has no manner of obtaining redress against the wrongs of the defendant and securing the said property which is rightfully hers as aforesaid, except through the intervention of this court, and that she is remediless in the courts of common·law by reason of the facts aforesaid. That the defendant is wholly insolvent, and an action for damages against him would be wholly unavailing.

That the plaintiff is informed and believes and, therefore, charges that the defendant on account of his feelings towards the plaintiff and his insolvent condition would, if opportunity was given him, remove, secrete and dispose of said property so as to prevent this plaintiff from securing the possession thereof, and that unless he be prohibited and restrained by the orders of this court he will make way with said property, and the whole thereof, and further wrong this plaintiff. That said property by reason of its character and associations connected with it, consisting of gifts from her family and friends, is of a value for which the plaintiff cannot be recompensed in damages, and the destruction or removal of the same beyond her reach would be of such loss and damage to her as is not measured or estimated in legal proceedings.

"Wherefore plaintiff prays by reason of the premises that this court will by its order and decree temporarily restrain and enjoin the defendant from making any disposition of said property either by selling, removing or otherwise disposing of the same, and that this court during the pendency of this litigation will appoint some responsible and disinterested person as a receiver, who, under the order and direction of this court, shall take possession of said property and shall the same safely keep under the orders and directions of this court, to abide the result of this suit; and that upon a final hearing thereof the court will adjudge the right of the possession of said property and the ownership thereof to the plaintiff and direct that the same be delivered to her and that she have judgment against the defendant for her costs in this behalf laid out and expended, and she prays for all other and further relief that to the court may seem meet and proper."

On the twenty-eighth of November, 1888, the judge of said court in chambers issued an order appointing

Ellis R. Smith a receiver, to take into his charge and possession the property described in the foregoing bill. And in pursuance of said order the said receiver took possession of the property therein described, and the same is still remaining in his possession.

On the tenth day of May, 1889, the defendant filed in said cause an answer in the words and figures following, to-wit: "Comes now the defendant and for answer to the plaintiff's petition herein, and not hereby waiving the right to show upon the trial of this cause that said petition does not state facts sufficient to constitute a cause of action, and that plaintiff cannot maintain this action, states: That he admits that he and the plaintiff were married on the twenty-second day of December, 1880, and that shortly thereafter plaintiff came with defendant to the city of Sedalia; but he denies that she brought with her a large amount of personal property, or any personal property which belonged to her. The plaintiff admits that some time thereafter they went to housekeeping in the city of Sedalia, at number 1301, West Third street, but defendant says it is not true; that when they did so plaintiff took with her and placed in said building any personal property, or that she afterwards acquired property of like character and placed it in said house. Plaintiff denies that any of the property described in plaintiff's petition herein was acquired by her in her own right, with her own means, or by gifts from different persons, except as hereinafter stated. Plaintiff avers that the following articles of personal property mentioned in plaintiff's petition were bought and paid for by plaintiff, as articles of household use, for himself and his family, viz."— Here follows a list of articles.

"And that all of the other articles not bought by the plaintiff, with money furnished by the defendant or paid for by her with money so furnished, or paid for

by him after being bought by her, were simply the usual and ordinary wedding presents, given by the different relatives and friends of plaintiff and defendant. And defendant avers that none of the wedding presents were given to plaintiff as her sole and separate property, nor intended as such by the various donors, being entirely articles of household ornament and use, intended to decorate and ornament the home of plaintiff and defendant, and for the joint use and comfort of plaintiff and defendant, as husband and wife; that it was never intended by the donors of said articles to bestow them upon plaintiff, solely, so as to enable her to sell or dispose of the same, or to remove them from their home, or to bestow them upon others, and that she now has no right to the possession of the same, to the exclusion of defendant, nor except in the home which this defendant has always provided for the plaintiff, and where he has always kept the same, ever since the plaintiff deserted and abandoned defendant, as hereinafter stated. Defendant denies that the said articles are of value of $750.

"Defendant admits that in December, 1887, the plaintiff and defendant agreed to live separate for a limited time, but defendant avers that said agreement was not willingly entered into by him. Defendant denies that he is insolvent; he avers that none of his creditors, nor anyone else has attempted to seize or interfere with the property described in plaintiff's petition, nor is there any danger of the same being taken away from defendant, under any pretense, so as to be lost to plaintiff. And defendant avers that plaintiff has no right in law or equity, while she remains the wife of defendant, to maintain this action against defendant, for the sole and only purpose of dispossessing defendant of said articles, and for the purpose of removing them from his said home, and taking the sole

and exclusive possession of them while wilfully living away from defendant, in defiance of her duty under the law of the land.

"Wherefore defendant prays that the receiver heretofore appointed by this court be ordered to return all of said property to this defendant, and that said receiver be discharged, and that this cause be dismissed; that defendant go hence without day."

*Wm. S. Shirk,* for appellant.

(1) The petition does not state a cause of action in equity. It shows upon its face, that if plaintiff is entitled to the possession of the property described in the petition her remedy is at law, by replevin. Therefore no evidence should have been admitted. R. S. 1889, secs. 1996, 6864, 6869; *Hendricks v. Woods*, 33 La. Ann. 1052; *Wilson v. Wilson*, 36 Cal. 451; *Larison v. Larison*, 9 Ill. 27. (2) The decree of the court is wrong. At common law the property would have immediately become the husband's—as to this there is no dispute. And section 6869, Revised Statutes, 1889, was not intended to cover nor does it include property of the character in plaintiff's petition described, nor was it intended to enable the wife to withdraw from the husband the use and enjoyment jointly with her of the wife's personalty, but only to protect the wife's property against her husband's creditors, and from sale or disposal by him against her will. (3) Nor is she entitled to the exclusive possession of such property, as against her husband, for the mere purpose of disposing of them herself, or withdrawing them from the uses for which they were donated. (4) To vest a separate title in the wife to property given her by a person other than the husband, a clear intention of the donor, that it is for her separate use, must appear. Here no such intention appears. 1 Bishop on Married Women,

sec. 228; *Carroll v. Lee*, 3 Gill & Johns. 504; *Demming v. Williams*, 26 Conn. 226; *Hamilton v. Bishop*, 8 Yerger, 33. And this rule is not changed by the statute. *Seitz v. Mitchell*, 94 U. S. 580, 583.

*Jackson & Montgomery*, for respondent.

(1) The suit was properly brought in equity. A wife cannot sue her husband at law. *Walter v. Walter*, 48 Mo. 140–145; *Rieper v. Rieper*, 79 Mo. 352–359. The statute making gifts to a married woman her separate property does not change this rule. Nor is there anything in the Revised Statutes of 1889, authorizing a married woman to sue as a *feme sole*, which alters the character of suit she should bring against her husband. Equity had jurisdiction of such suits before the statute, and, even if it was the design of the statute to authorize a wife to sue her husband at law, it did not prevent a suit in equity. *Stewart v. Caldwell*, 54 Mo. 536–539; *Pratt v. Clark*, 57 Mo. 189–192; *Sav. Inst. v. Collonious*, 63 Mo. 290–294. (2) By virtue of section 6869, Revised Statutes, 1889 (R. S. 1879, sec. 3296), the property mentioned in the petition was and remains "her separate property and under her sole control." There is no exception in favor of the husband, and the statute, of necessity, applies to him as much as if not more than to anyone else. *Rieper v. Rieper*, 79 Mo. 352. (3) It is not necessary that a gift to the wife should be accompanied with any words manifesting an intention to create a separate estate. The statute supplies the intention, and of its own force makes every gift to the wife her separate property. *Hart v. Leete*, 104 Mo. 315–332.

ELLISON, J.—This action is in equity and is brought by the plaintiff against defendant, her husband. We have set out the pleadings in the statement, to which

reference is made, that the nature of the relief and the kind of property may be ascertained. The evidence shows that at the time of their marriage, in 1880, the friends of the plaintiff gave to her a part of the articles described in petition, as "wedding presents," the remainder were given to her by her parents and other friends after the marriage, "in the nature of wedding gifts." All the articles are either of household use or ornament, and all were given to her either in view of her approaching marriage to defendant, or afterwards, for household use. No words accompanied the gifts, evidencing the intention of the donors to give her separate ownership—simply the usual words of compliment to her, and the plaintiff herself says, "They were given to me with the purpose in view, so far as I know, of using them as a married woman, in my home after I was married," and "They are things that I certainly had no use for in the world as a single woman." After the marriage, these articles were taken to their home in Sedalia, where they remained until taken therefrom by the order of the court in this case.

On the thirtieth day of November, 1887, plaintiff and defendant entered into an agreement that they should live separate for a short time. The defendant admits that they agreed to separate for awhile, but averred that such agreement was not willingly made by him, but solely in the hope that they would again unite. Failing to do so, he withdrew from said agreement and demanded that she return to her home, where he was ready to provide for her, and in which he had kept all the articles described.

It is conceded by the parties that at common law the husband would have been the owner of the articles of property enumerated in plaintiff's petition, and her claim or right is based upon section 6869, Revised Statutes, 1889, wherein it is enacted that: "All real estate

and personal property, including rights in action, belonging to any woman at her marriage, or which may have come to her during coverture, by gift, bequest or inheritance, or by purchase with her separate money or means, or be due as the wages of her separate labor, or has grown out of any violation of her personal rights, shall, together with all income, increase and profit thereof, be and remain her separate property and under her sole control, and shall not be liable to be taken by any process of law for the debts of her husband. This section shall not affect the title of any husband to any personal property reduced to his possession with the express assent of his wife: provided, that said personal property shall not be deemed to have been reduced to possession by the husband by his use, occupancy, care or protection thereof, but the same shall remain her separate property, unless by the terms of said assent, in writing, full authority shall have been given by the wife to the husband to sell, incumber or otherwise dispose of the same for his own use and benefit; but such property shall be subject to execution for the payment of the debts of the wife contracted before or during marriage, and for any debt or liability of her husband, created for necessaries for the wife or family; and any such married woman may in her own name, and without joining her husband as a party plaintiff, institute and maintain any action, in any of the courts of this state having jurisdiction for the recovery of any such personal property, including rights in action as aforesaid, with the same force and effect as if such married woman was a *feme sole:* provided, any judgment for costs in any such proceeding, rendered against any such married woman, may be satisfied out of any separate property of such married woman subject to execution."

Defendant contends that this statute does not confer upon the wife the right to an exclusive possession of the property therein described as against the husband. We are of the opinion that the language of the statute, as well as the apparent intention, does not justify defendant's construction. It is declared that the property shall be the wife's separate property and shall be under her *sole* control. It cannot reasonably be contended that the only or chief object of the law-makers was to free such property from the debts of the husband. The intention was, furthermore, to divest the husband of all interest therein. It is contemplated by the statute that the husband may use and care for such property, but this is evidently in recognition of the fact that usually such property will be under the care and protection of the husband by reason of their harmonious marital relation; the wife's consent to such use and care resulting from such relation. The use and care of such property by the husband is essentially permissive. This care and protection is in the nature of an agency. This construction is strengthened by the additional provision of the same statute, which clothes her with the power and right to protect such property and her rights therein by suit, without joining her husband.

It is next insisted that, to vest a separate title in the wife to property given to her by a person other than her husband, a clear intention on the part of the donor that it is for her separate use must appear. We rule the point against defendant. The wedding presents given to her before the marriage ceremony were her property "at her marriage." And the presents which were given to her after her marriage were property which "came to her during coverture, by gift." In either instance the property is her statutory separate estate, and an intention on the part of the donor need

not appear in order to make it her separate property; the statute itself designates the effect of the gift.

It is further insisted that, under the provisions of our present statute, plaintiff had a remedy at law by bringing an action of replevin against defendant, and that, therefore, a bill in equity cannot be sustained. The sections relied upon are the following, in addition to section quoted above (R. S. 1889, sec. 1996): "A married woman may, in her own name, with or without joining her husband as a party, sue and be sued in any of the courts of this state having jurisdiction, with the same force and effect as if she was a *feme sole*, and any judgment in the cause shall have the same force and effect as if she were unmarried." R. S. 1889, sec. 6864. "A married woman shall be deemed *feme sole* so far as to enable her to carry on and transact business on her own account, to contract and be contracted with, to sue and be sued, and to enforce and have enforced against her property such judgments as may be rendered for or against her, and may sue and be sued at law or in equity, with or without her husband being joined as a party: provided, a married woman may invoke all exemption and homestead laws now in force for the protection of personal and real property owned by the head of a family, except in cases where the husband has claimed such exemption and homestead rights for the protection of his own property."

In our opinion, neither of these statutes authorizes the wife to sue the husband at law. They give her the right to sue without joining her husband as a party plaintiff—she may bring her action independent of her husband—and a third party may sue her without joining the husband as a party defendant. But she is not empowered to sue her husband. The unity of husband and wife is not destroyed by these statutes. They are, as before these statutes, one legal entity in the eye of

the law, except as they are separated by the express provisions of the statute, or necessary implications arising from such provisions.

We are cited to the cases of *Larison v. Larison*, 9 Ill. 27, and *Wilson v. Wilson*, 36 Cal. 451, where the husband is sued at law by the wife. In the former case, the action is for injuries to her property; and, in the latter, on a promissory note. But in each case a statute is cited, giving authority in express words for either to sue the other.

What we have said in this opinion sufficiently disposes of the question as to striking out a portion of the answer.

Other points suggested by defendant are not deemed tenable, and the judgment will be affirmed. All concur.