Goldsmith v. Taussig.

TILLIE M. GOLDSMITH, Respondent, v. GEORGE W. TAUSSIG, Appellant.

### St. Louis Court of Appeals, January 15, 1895.

1. **Practice, Appellate:** DEFENSES NOT URGED IN TRIAL COURT. A defense dependent upon controverted evidence can not be urged for the first time in this court.

2. **Replevin:** ACTION BY WIFE AGAINST BAILEE OF HER HUSBAND. A wife can maintain an action of replevin against the bailee of her husband.

3. **Husband and Wife:** EVIDENCE OF OWNERSHIP OF CHATTELS. Evidence that a wife purchased and paid for personalty, which was forcibly taken from her by her husband, is *prima facie* proof of title thereto on her part.

4. ————: INSTRUCTIONS. And, in an action at law for such property, it is sufficient to submit to the jury the issue whether she was the owner of it; it is not necessary that the instruction should go further and require a finding as to the origin of her title.

5. **Replevin:** DEMAND. The absence of a demand for the property in controversy prior to suit can not be urged in defense of an action of replevin, unless it is accompanied by tender of the property in accordance with the statute on the subject.

6. **Practice, Appellate:** ERROR IN FAVOR OF APPELLANT. An appellant will not be heard to complain of error in his favor.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB, KLEIN, Judge.

AFFIRMED.

*W. C. & J. C. Jones* for appellant.

*Edmond A. B. Garesche* for respondent.

BIGGS, J.—This is an action of replevin to recover the possession of some notes, which the plaintiff

alleged belonged to her and were unlawfully detained by the defendant. The suit was instituted before a justice of the peace, and was originally brought against the present defendant and Christopher H. Goldsmith, the husband of the plaintiff. There was subsequently a dismissal as to Goldsmith. The defendant Taussig denied that he had possession of the notes. There was a judgment in favor of the plaintiff before the justice, and also on appeal in the circuit court. The defendant has appealed the case to the court.

The first point argued in the defendant's brief is that he obtained the notes from Christopher H. Goldsmith, and held them as his bailee; that his possession was the possession of Goldsmith, and that, as the plaintiff could not maintain the action against her husband, she could not maintain it against his bailee.

This assignment of error is not well taken for two reasons. Whether the defendant actually held the notes as the bailee of Goldsmith was a controverted question under the evidence. Therefore, if the bailment was relied on as a defense or in bar of the action, it ought to have been interposed at the trial. No such question was submitted to the jury or raised by instructions.

Again, if it be conceded that the defendant was the bailee of Goldsmith, the assignment is not good in point of law. It is true that the plaintiff could not have maintained the action against her husband, as it is one at law. but it does not follow that she may not maintain it against his bailee. The statutes of this state (sections 6868, 6869, 6864 of the Revise Statutes of 1889) establish the separate possession of a married woman of her personalty, subject to such reasonable use by the husband as would follow from the marital relation. The statute also clothes her with the power to protect or enforce such possessory right, when it has

been wrongfully interfered with by any one. If the husband asserts an exclusive possession, she must seek redress against him in a court of equity. This is by reason of the legal unity of husband and wife. *Ilgenfritz v. Ilgenfritz*, 49 Mo. App. 127. With this exception, she has the same rights and remedies as any other person who is *sui juris.*

The case of *Hambleton v. Lynch*, 32 Mo. 259, in no way supports the defendant's contention. That was a suit for the possession of a slave. The slave had been seized under an execution in favor of a third party by the constable. The plaintiff made claim to the property under the act of March 3, 1855, applicable to St. Louis county, entitled "An act concerning the duties of sheriffs," etc., and the constable thereupon took an indemnifying bond. Subsequently he placed the slave in the possession of the defendant as his agent. The bond relieved the constable of all liability to the claimant for the slave. *State to use v. Watson*, 30 Mo. 122. Therefore the supreme court very properly held that the possession of the defendant was the possession of his principal, and that, as the plaintiff had no right of action whatever against the latter, he certainly could have none against his agent. The distinction between the two cases is obvious.

The plaintiff testified that she purchased the notes from one Grefet, and that thereafter they were forcibly taken from her by her husband. She does not say how she became possessed of the money used in buying the notes; she merely said that it belonged to her. She also stated in the course of her examination that she was at work as a stenographer. It is insisted that there was a failure of proof as to the ownership of the notes, as the presumption must prevail that the property under her control belonged to her husband. This presumption, like many others, must yield to the stat-

utory innovations. The statute, as before stated, creates a separate and legal possession in the wife of her personal property, and in the protection of it she is regarded as the *sole* owner. Therefore, in the assertion of her property rights, the same rules of evidence obtain as are applicable to ordinary litigants. She testified that she bought the notes and paid for them, and had them in her possession when they were forcibly taken from her by her husband. This made a *prima facie* case of ownership.

Whether a demand for the return of the notes was necessary before the institution of the suit is a question that does not rise under this record. There was no tender of the property at the trial. This was necessary to make this defense available under our statute. The statute, in substance, provides that, in actions either for money or chattels, a failure on the part of the plaintiff to make a demand for the subject-matter of the suit will not be available to the defendant, unless it be set up as a defense and be accompanied with a tender of the amount due or the property sued for, together with damages for its detention. R. S. 1889, sec. 2948. Nothing of the kind was done in this case. It must be borne in mind that this is not an action for the conversion of the notes.

The court instructed the jury that, if they found from the evidence that Mrs. Goldsmith was "the owner" of the notes, etc., the issues should be found for her. The objection made is that the instruction should have gone farther and explained what constituted "ownership of property," as applied to Mrs. Goldsmith. The foundation of the objection is that ownership in Mrs. Goldsmith, as a married woman, depended upon the existence of one or more of several requirements—that is, whether she owned the property at the time of her marriage, or whether it came to her

during coverture, by gift, bequest or inheritance, or whether it was purchased with her separate means, or whether it was the result of her separate labor, or whether it grew out of a violation of her separate rights. We do not think that in contests like we have here the rule of evidence is different from that which governs in ordinary cases. If the litigation was between Mrs. Goldsmith and the creditors of her husband, then we could very well understand the necessity of requiring her to show affirmatively that the property was her statutory separate estate.

The court in its instructions told the jury that, if the defendant was in possession of the goods at the time of the issuance and *service* of the order of delivery and summons, then the verdict must be for the plaintiff. In the instruction as to the form of the verdict, the jury was required to state, if the finding was for the plaintiff, that notes were in the possession of the defendant at the time the order of delivery and summons were *issued*. It is urged that the two instructions are inconsistent and misleading. The objection, we think, is without merit. The first instruction imposed on the plaintiff a greater burden than the facts warranted. It required her to establish that the defendant had possession of the notes at the time the order of delivery *was served* on him. The defendant testified that he delivered the notes to Goldsmith before the suit was commenced. It was not pretended by him, nor does his testimony admit of the inference, that he redelivered the notes to Golsmith between the issuance and service of the writ. If that had been the purport of his testimony, then the instruction would have been proper. As the case was actually presented, the instruction was prejudicial to the plaintiff, of which the defendant ought not to be heard to complain. Whether the defendant was in possession

of the notes at the time the summons *was issued* was the only issue made by the evidence. The instruction, as to the form of the verdict, was in conformity with the statute and the evidence.

The jury found that the defendant did not redeliver the notes to Goldsmith at the time claimed by him. Our opinion as to the correctness of the finding is a matter of no consequence, as the testimony bearing on the issue was conflicting. The finding is supported by evidence of the declarations and admissions of the defendant, and the jury was at liberty to accept or reject his denials and explanations.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered: