ROSE WAINESS, Plaintiff, *v.* EDWARD T. JENKINS and ALBERT H. WAINESS, Defendants.

(Municipal Court of the City of New York, Borough of Brooklyn, Third District, January, 1920.)

Gifts — husband and wife — ownership of wedding presents.

> Where a bride with money given to her as a wedding present buys household furniture in accordance with the expressed desire of the donor, she is the absolute owner of the furniture.

ACTION to recover personal property.

William Lamkay and M. Milton Gewertz, for plaintiff.

Oshrin & Goodman (Henry M. R. Goodman, of counsel), for defendant.

DOUGHTY, J.   The question in this case involves the status of what is commonly known as a "wedding present" or "wedding gift."

Counsel tell me that they have not been able to find any reported case respecting the point in question, and I have not learned of any in our state.

The plaintiff received some money from her mother and sister as a wedding gift, with the expressed desire on the part of the sister that the plaintiff buy some household furniture, or furnishings, and the money was applied to the purchase of such articles, which were eventually used in the new home.  This furniture

is now in a storage warehouse, the married folk are not living together, and the wife claims the furniture as her own, while the husband asserts that it belongs to both.

If the husband's claim is valid, it must rest upon the implication that the marriage, or proposed marriage, creates an intention that because both parties are expected to use the furniture, they consequently own it together. I do not think his claim is tenable. Men and women, married or single, have the same (equal) rights as to individual ownership of personal property, and may alike receive and own gifts independently. A *married* woman may use her own money to buy household furniture and permit it to be used commonly by the family, without loss of its identity as her individual property. *Fitch* v. *Rathbun,* 61 N. Y. 579. I can see no reason for a different regulation to be applied *before marriage,* that is, during the engagement to marry.

The general rules relating to gifts should control each case. A gift is an executed contract; its essentials are: an intention to make a gift, and an accompanying delivery of the thing to be given. Such a transaction is irrevocable; it requires no consideration, and depends upon no agreement, but only upon the voluntary act of the donor. *Bedell* v. *Carll,* 33 N. Y. 581; *Pickslay* v. *Starr,* 149 id. 432. If a gift be made to the man or woman, it is his or hers, as the case may be; if it be made to both, it belongs to both. The type or character of the thing given may be a factor in the determination of ownership (*Whiton* v. *Snyder,* 88 N. Y. 299, 305), but ownership can be ascertained only by the facts in each case.

It may be argued that the contemplated marriage (or the existing one) imports a condition to the gift, or an intention to the donor, which takes the case away

from the rules usually applicable to gifts, because the purpose of the wedding gift is the proposed marriage. I cannot accept that view, save in a case of fraud, or, possibly, where there is nothing else in the transaction to show that the gift was for either *one* of the parties to the engagement. As to fraud, an illustration would be a case where money is given to a woman for her wedding outfit and for her transportation to the place of the wedding, and she unjustifiably refuses to be married; in such a case the money could be recovered back by the donor. *Williamson* v. *Johnson,* 62 Vt. 378. As to the other alternative, it means only the application of the familiar rule that at times the conduct, or proposed conduct, of parties may be examined in order to interpret their transactions.

However, in the case at bar, we do not need to go afield. The money was given to the bride, it was hers and there is no proof that she gave it to her husband, nor any part of it, nor the articles purchased therewith. I do not see how the fact that both parties were expected to *use* the furniture could establish a right of *ownership* by the husband — he was not indicated as donee by the donor.

I have found a case from out of the West which holds that a husband has no interest in wedding presents given to his wife (*Ilgenfritz* v. *Ilgenfritz,* 49 Mo. App. 127), and I fully agree therewith. It is my opinion that (in the absence of fraud or deceit) if a gift be made to a bride-to-be, or to a married woman, from whomever or from whencever it may come, it is hers absolutely, without any valid claim thereto by any other person whatsoever.

The property in question here belongs to the plaintiff and judgment must be rendered in her favor.

Judgment for plaintiff.