CHARLESON *et al.*, Appellants, v. HUNT, INTERPLEADER, Respondent.

1. The fact that a defendant is present in court, during the trial of the cause, in obedience to a subpœna, ready to testify when called, will not render it improper to receive in evidence a deposition of said defendant taken in another cause in which he was a party; though not admissible as a deposition, it may, being signed by him, be received as a written admission.

*Appeal from St. Louis Circuit Court.*

Plaintiffs commenced a suit by attachment against Edward St. Michel. Francis A. Hunt interpleaded, claiming the property attached by virtue of a deed of assignment executed by said St. Michel for the benefit of his creditors. Said Hunt had likewise interpleaded in various other attachment suits commenced by parties other than the plaintiffs in this suit. To prove fraud in the assignment and a knowledge of it on the part of the interpleader, the plaintiffs offered in evidence a deposition of said interpleader taken in one of the other attachment suits in which he had interpleaded. The court excluded it. The plaintiff had subpœnaed said Hunt, and he was present in court ready to testify when called. Plaintiffs also called as a witness the notary who took the deposition, and offered to prove by him the declarations and statements of said Hunt contained in his deposition, and proposed that he should read the deposition to refresh his memory.

*A. J. P. Garesché*, for appellants.

I. The deposition was improperly excluded. (Kritzer v. Smith, 21 Mo. 296 ; Murray v. Oliver, 18 Mo. 405.)

*Polk* and *Henry N. Hart*, for respondent.

I. The deposition was properly excluded. Hunt was in court ready to testify. (See R. C. 1855, p. 658, § 28.)

RICHARDSON, Judge, delivered the opinion of the court.

On the trial of the issue made by the interplea, the plaintiffs offered in evidence the deposition of Hunt, which had been previously taken in a suit between Lattimer et al., plaintiffs, and St. Michel, defendant, which was excluded because Hunt was in court in obedience to a subpœna, ready to be called as a witness. We assume that Hunt's hand-writing was admitted or proved, for no objection was made on the ground that he had not subscribed the deposition. The only point in this case was decided in Kritzer v. Smith, 21

Mo. 296. The paper was not offered as a deposition but as written admissions by the interpleader; and the statute which gives the right to examine the adverse party as a witness was not designed to exclude the ordinary means of proof, and it is competent to prove as admissions the oral or written statements of a party to the suit, though he might be called as a witness.

The other judges concurring, the judgment will be reversed and the cause remanded.