BRADLEY, Appellant, v. HOLLOWAY, Respondent.

1. Where, in St. Louis county, a levy of an execution or attachment is made upon personal property, a person other than the defendant in such execution or attachment, claiming the property so levied on, has a choice of remedies. He may make claim to the property in accordance with the third section of the local act of March 3, 1855, (Sess. Acts, 1855, p. 464); in which case, if the sheriff or other officer demands and receives a *sufficient* indemnification bond from the plaintiff in the execution or attachment, the claimant will have no remedy against the officer but must resort to a suit on the indemnification bond. Should the claimant, however, not make claim in the manner provided in said section, he may maintain an action against the sheriff or other officer for the possession of the property levied on.

2. A sheriff or other officer levying an execution or attachment is not authorized, under said act of March 3, 1855, to demand an indemnification bond of the plaintiff in the execution or attachment unless claim is made to the property levied on substantially as provided in the third section of said act.

*Appeal from St. Louis Law Commissioner's Court.*

*Dedman*, for appellant.

I. The act of March 3, 1855, is merely cumulative in its provisions and not obligatory. Parties claiming personal

property seized under execution or attachment are not obliged to enforce their claims under it.

*Bay*, for respondent.

I. Bradley omitted to set forth his claim in writing as required by the third section of the act of March 3, 1855.

RICHARDSON, Judge, delivered the opinion of the court.

The plaintiff brought an action of replevin against the defendant for a wagon and yoke of oxen. The cause was tried without a jury; and it appears, from the facts found by the court, that the defendant, as constable of Merrimac township, levied on the property in dispute whilst in the plaintiff's possession, by virtue of an execution issued by a justice of the peace of that township against Benjamin Haley. The court further found that the property did not at any time belong to Haley, but that it belonged to the plaintiff, which he demanded of the defendant before the commencement of the suit, though not in the manner indicated by the third section of the act entitled " An act concerning the duties of sheriff and marshal in the county of St. Louis in relation to the levy and sale of such property under execution or attachment as may be claimed by third persons," approved March 8, 1855. (Sess. Acts, 1855, p. 464.) On these facts judgment was rendered for the defendant, and the plaintiff was ordered to return the property or pay one hundred dollars, the assessed value thereof, at the election of the defendant.

The only question in the case arises on the construction of the local act referred to. The obvious purpose of the act was to relieve to some extent the ministerial officers named in it from the embarrassing duty of ascertaining at their peril, in all cases, whether property levied on by them belongs to the defendant in the writ or not. By the common law, the sheriff is bound, when he receives an execution, to make reasonable inquiry to ascertain if the defendant has any property in his county subject to levy, and if he finds the

defendant in the possession of any, whether it is claimed by a third person or not, he will be liable to the plaintiff in an action for a false return if he fails to levy, and the burden of proof will fall on him to show that such property was not in fact subject to the execution. If, on the other hand, he makes a levy, and the goods do not belong to the defendant, he is liable to the owner in an action of trespass. Though the owner may assert his title in the most solemn form, and exhibit the proof of it to the officer, the latter can not require indemnity from the plaintiff, who may fold his arms and say to the sheriff, do your duty at your peril; and in this dilemma, liable on one hand to an action for a false return, and on the other to an action of trespass, the sheriff must judge for himself both the law and the facts.

The statute under consideration relieves the office of sheriff of some of its responsibility, and provides that when personal property is seized by virtue of an execution or attachment, which is claimed by any person other than the defendant in such execution or attachment, and the claimant shall set forth his claim in its particulars, verified by affidavit as prescribed by the third section, the officer may release his levy and refuse to execute the writ, unless the plaintiff gives a bond of indemnity with sufficient security conditioned as directed by the second section. The sheriff has no right to surrender property levied on, or to require a bond from the plaintiff, on the mere claim of a stranger; but when the particulars of the claim are stated and sworn to, the officer may say to the plaintiff that a claim has been made to the property by a third person in a manner that entitles it to respect, and that he will refuse to execute the writ unless a bond is given as provided by law. As the plaintiff is not required to give a bond unless a claim is made substantially in a certain manner, neither is the owner compelled to prefer his claim in the mode indicated by the third section; but if he does, by that act alone he makes his election to give up any right of action against the sheriff, and to seek his remedy on the bond. If a bond is not given after a claim

is properly made, the officer may release his levy; but if a sufficient bond is taken, the officer is no longer liable, and the bond is interposed between him and the claimant. In our opinion, this is the spirit and object of the act; and whilst this construction gives the act some practical and useful effect, it restrains it from working the gross injustice and mischief which would result from the view taken by the law commissioner.

By the first section it is declared that when any sheriff, &c., shall levy on any personal property, and any person other than the defendant in the writ shall claim the same, the officer shall demand a bond of indemnity of the plaintiff and may refuse to execute the writ until such bond be given. The officer can not release his levy or require a bond unless the property is claimed, and the third section defines the kind of claim meant by the first section. It says, " no claim made to any personal property levied on as aforesaid shall be valid or lawful as against such officer, unless such claimant or his agent shall set forth his claim in writing," &c. The claim here spoken of refers to the claim mentioned in the first section, and the third section may be read thus : " No *such* claim made to any personal property levied on as aforesaid shall be valid or lawful as against said officer," that is, shall be lawful or sufficient to authorize the officer to release his levy, or to require a bond of the plaintiff, " unless the claimant shall set forth his claim in writing, verified by the affidavit," &c.

It is contended that the officer is not liable in any case unless the claimant shall set forth his claim as directed by the third section, and that, even though the claim is made in that mode, no action can be maintained against him if he takes a sufficient bond from the plaintiff; so that, no matter where the property is seized or sold, or how the claim is made, or whether made at all, the officer is not liable. Such a construction would deny any redress to a person whose property may be levied on and sold without his knowledge to pay another's debt, and would compel the owner of a family

picture, or other property more prized than money, to see it sold and delivered to a stranger and then to take the chances of recovering it, or its money value a jury may set upon it. We can not believe that the legislature, out of tenderness to officers, whose fees compensate them for the risks they take, intended to sanction such a sacrifice of the rights of other persons. If the claimant is willing to accept the value of his property in damages, and to discharge the sheriff from liability, he may present his claim in a manner which will justify the officer in abandoning his levy, unless a sufficient bond is executed by the plaintiff; and when a bond is thus given at his instance, he thereby releases the sheriff and must look to the purchaser or the plaintiff and his sureties on the bond. But we think that the act does not apply to a person who makes no claim whatever, and that there is no legal difference between making no claim and making a claim not in conformity to the statute.

This case illustrates the injustice that would be inflicted by yielding to the construction contended for by the defendant. The court found that the property in controversy belonged to the plaintiff; that the defendant in the execution had no interest in it, but that the plaintiff could not recover, and must return his own property to the constable or pay one hundred dollars at the election of the defendant, because, though he had demanded his property, he had omitted to do it in the set words of the statute. When the money is paid to the defendant, he may apply it to the execution, and the owner of the property unjustly taken to pay another's debt will have no cause of action, except against the plaintiff who may have directed the trespass, and that remedy will be fruitless if the party is insolvent. Such a penalty ought not to be imposed unless the plain language of the law demands it.

On the facts found the plaintiff was entitled to recover, and the judgment of the law commissioner will be reversed and a judgment entered in this court in favor of the plaintiff; Judge Napton concurring.

Scott, Judge, dissenting. We must suppose the act of March 3d, 1855, entitled "An act concerning the duties of sheriff and marshal in the county of St. Louis, in relation to the levy and sale of such property under execution or attachment as may be claimed by third persons," (Sess. Acts, 1855, p. 464,) was intended for some purpose. With the policy or impolicy of the law we have nothing to do. When the will of the legislature is clearly expressed by a constitutional law, we have but to carry that will into execution. The constitution never designed that the judiciary should sit in judgment upon the wisdom or policy of the acts of the legislative department. It is clear from the terms of the act that it had for its object the protection of the officers therein named from the claims of persons asserting a right to goods taken by virtue of legal process. As the law was designed to protect the officers against the claimants of property seized under process, it could never have contemplated, that, whether the officer should be protected or not would be entirely at the discretion of a claimant. We must not suppose that the general assembly, whilst intending to protect an officer against the claim of a person interfering with the execution of the process of the law, provided that whether the officer should be protected or not would depend entirely on the will of the person interfering with him. Under the construction given, if the claimant makes a demand for the property in a way altogether irregular, or does not make it at all, he will have his action against the officer, thus making a law that was intended to protect one against another extend the protection only at the will of him against whose acts the protection was designed.

The action of replevin is not adapted to this ·end. If property may be replevied while in the sheriff's hands, then such replevy will be a valid return to the writ. Who then is to defend the action of replevin prosecuted against the sheriff? Shall he at his own costs be required to employ counsel and defend the action for the benefit of the plaintiff in the execution ? In some cases the plaintiff may do this ;

in others he will not, and thus, by a hardy act on the part of a bold claimant, the claims of creditors may be defeated. With the construction given the act, it would have been a great deal better if it had never been passed. As to the protection from sale of things enhanced in value to the owner by the *pretium affectionis*, our law has always afforded a means by which an officer could be enjoined and restrained from the sale of such articles without the aid of a writ of replevin.

In my opinion, if the claimant of property has notice of the seizure of it by the officer, and fails to make his claim to it in the manner pointed out by the act, his recourse against the officer is gone, and he is confined to bring his action against the plaintiff in the execution when he has made himself liable, or to the purchaser of the property at the sale made by the officer; and there is not the least hardship in this, as by complying with the directions of the law the claimant might have had ample security for the property claimed by him. In my opinion, the judgment should be affirmed.