ELIAS C. STEWART, TO USE OF JNO. J. ASHBY, TRUSTEE, &c., Appellant, v. BALL'S ADM'R., &c., Respondent.

*Execution—Bond—Parties.*—The bond contemplated by sec. 30, R. C. 1855, p. 743, is given, in reference to the claim of property preferred, to the sheriff, under sec. 26 of the Act concerning Executions. The party presenting the claim is the only person entitled to sue upon the bond. Other parties claiming the property are left to their ordinary action at law.

*Appeal from St. Charles Circuit Court.*

The respondent David Thomas, administrator of James Ball's estate, holding an execution against one Taliaferro P. Grantham, caused the same to be levied on certain personal property, including a brown mare, the subject of this controversy. The petition sets forth that " notwithstanding the

said mare was claimed by Mary D. Grantham, to whose use this suit is brought, the officer making said levy proceeded to sell," &c. That an indemnifying bond, which is made part of the petition, was given by respondent under the statute. The bond recites that the property, " in proceedings which were had for the trial of the right thereof, was found to be the property of Charles W. Grantham and John J. Hitch, as trustee." The petition further states that " the said John J. Ashby, trustee of Mary D. Grantham, claims and has a right to the said brown mare," and " in consequence of the seizure and sale of which" he has sustained damages ($200) for which he asks judgment.

Answer being filed, a jury was sworn to try the issues, and council on both sides made their statements of the case to the jury; after which, by leave of the court, respondents withdrew their answer and filed a demurrer to the petition. The demurrer asserts, in effect, that because John J. Ashby, trustee, &c., to whose use the suit is brought, was not a party to the proceedings in the trial of the right of property, therefore he could not sue upon the bond; that the petition does not show that he has any interest in the suit, or any claim to indemnity, &c. The demurrer was sustained by the court, and judgment given for the defendants; whereupon plaintiff appealed.

*E. A. Lewis* and *W. A. Alexander*, for appellant.

I. The demurrer ought not to have been sustained. It is in itself so informal, and such a departure from the requirements of the Practice Act, that the court should have refused to consider any portion of it, except the fourth ground assigned. (R. C. 1855, p. 1231, §§ 6 & 7.) It is immaterial whether the party suing was or was not a party to the proceedings for trial of the right of property. The bond sued on contains within itself all the elements of liability against the signers, upon breach of any of its conditions, else it would be worthless for any purpose. All the statements in the petition, therefore, which connect persons,

others than the beneficial plaintiff, with those proceedings, are mere surplusage.

II. The bond is conditioned that the obligors will "pay and satisfy to any person or persons claiming title to such property, all damages," &c. The petition brings the beneficial plaintiff literally within these terms, both as to the party acquiring rights under the bond, and the rights thus acquired, with the penalty for their violation.

III. The obvious object and intent of the statute are, 1. To relieve the officer from liability as a trespasser, when honestly undertaking to enforce satisfaction of an execution in his hands; and, 2. To transfer that liability to the plaintiff in the execution, with his securities, when a wrongful levy is made at his instance.

*Dyer*, *King* and *Krekel*, for respondents.

DRYDEN, Judge, delivered the opinion of the court.

The bond contemplated by the 30th section of the act concerning executions (R. L. 1855, p. 743) is given in reference to the claim of property preferred to the sheriff under the 26th section of the act. The person of whose claim the sheriff is notified under that section, is " the claimant," and none other, who by the 31st section is permitted to sue on the bond in the name of the sheriff, and the claimant who by the 32d section is barred of his action against the sheriff. The law was not intended to render the obligors of the bond answerable to every claimant of the property taken on the execution, but to such claimant only as had given prior notice of his claim.

This construction of the statute can result in no harm to the claimant, for while it may debar him of an action on the bond, it leaves him to his action at common law against the sheriff, free from the bar of the 32d section. The petition in this case failed to show that the claim now preferred was brought to the notice of the sheriff, or that the bond sued on had any sort of reference to the claim of property of either

the trustee or *cestui que trust*, and in the absence of this fact the petition shows no cause of action.

The demurrer was properly sustained. Let the judgment be affirmed; the other judges concur.