THE STATE *ex rel.* GOLDSOLL *et al.*, v. THE CHATHAM NATIONAL BANK *et al.*, *Appellants.*

1. **Husband and Wife**: SEPARATE ESTATE. Personal chattels brought to this State from a foreign country, and being when so brought the separate estate of the wife, continue to remain her separate estate here, irrespective of her husband's consent, until divested of that character by her acts.

2. ———: ———: EVIDENCE. In a contest between a wife and the husband's creditors, the latter, who asserted that the property in dispute was his, and not her separate estate, offered evidence to show that the husband had assessed the property in his own name, and also that he had taken out in his own name a fire insurance policy thereon. There was no evidence tending to show that this was done with the knowledge or consent of the wife; *Held*, that the evidence was incompetent to prove that any part of her separate estate had been relinquished by her, but was competent for the purpose of repelling the establishment of a separate estate in her as to any gift or acquisition from which his marital rights had not been excluded.

3. **Jurors, Competency**; QUESTION OF FACT: REVIEW OF. The decision of a trial court in accepting or rejecting a juror, is the decision of a question of fact under the law; and it becomes the duty of such court to decide it like any other question of fact, and its decision ought not to be disturbed in the appellate court, if supported by evidence, because the seeming weight of evidence may be the other way.

4. **Deposition of Party**: ADMISSIBILITY OF. The deposition of a party to the cause as a written statement of facts, is admissible in evidence, although he be present to testify, or has testified.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Bradley D. Lee* for appellant.

The action of the trial court in overruling the plaintiffs' challenges of the jurors Small and Hewlett for cause, was not erroneous. They were not disqualified as jurors under the statute of the State. Their answers to the questions asked them, were not such as to show that it would be impossible for them to try the case impartially. R. S.,

p. 469, §§ 2795, 2796; *Eckert v. St. Louis Transfer Co.*, 2 Mo. App. 37; *Baldwin v. State*, 12 Mo. 223; *McComas v. Covenant Mut. Life Ins. Co.*, 56 Mo. 573; *State v. Hayes*, 23 Mo. 287; *State v. Holmes*, 54 Mo. 153; *Keegan v. Cavanaugh*, 62 Mo. 230; *O'Brien v. Vulcan Iron Works*, 7 Mo. App. 257; *State v. Walton*, 74 Mo. 270; *State v. Greenwade*, 72 Mo. 298; *State v. Core*, 70 Mo. 461; *State v. Barton*, 71 Mo. 288. The trial court committed no error in its instructions to the jury. They correctly set forth the law as applicable to the facts proven in this case, and correctly stated the rules of law regulating the wife's separate property. *Caughlin v. Ryan*, 43 Mo. 99; *Holthaus v. Hornbostle*, 60 Mo. 437; *Welsh v. Welsh*, 63 Mo. 57. The action of the trial court in admitting the deposition of Mrs. Goldsoll in evidence was proper, as an admission, or declaration, or statement against her interest. 1 Greenleaf Ev., §§ 169, 212; 2 Wharton's Ev., § 1075, *et seq; Kreitzer v. Smith*, 21 Mo. 296; *Charleston v. Hunt*, 27 Mo. 34; *Zimmer v. McLaran*, 9 Mo. App. 591. The insurance policy and tax receipts were properly admitted in evidence, first, to contradict the testimony of the relatrix on material matters. Second, as tending to show her claim to the property was fraudulent, and that her husband had exercised acts of ownership over it.

*Edward Cunningham, Jr.*, for respondent.

The action of the trial court in overruling plaintiffs' challenges for cause, was erroneous. *Lyles v. State*, 41 Tex. 172; *Lester v. State*, 2 Tex. Ct. App. 432; *State v. West*, 69 Mo. 401; *State v. Taylor*. 64 Mo. 358; *Chouteau v. Pierre*, 9 Mo. 3; *Monroe v. State*, 5 Ga. 139; *Freeman v. People*, 4 Denio 9. The action of the trial court in admitting in evidence the deposition of Mrs. Goldsoll was error. *Gregory v. Cheatham*, 36 Mo. 155, and cases cited; *State v. Starr*, 38 Mo. 278; *Spaunhorst v. Link*, 46 Mo. 197; *Lohart v. Buchanan*, 50 Mo. 202; *State v. Elkins*, 63 Mo. 165; *State v. Foye*, 53 Mo. 336. The admission in evidence of the insur-

ance policy in the name of Meyer Goldsoll, and the tax returns made by him was error. Starkie on Ev., *58; *Aiken v. Hodge*, 61 Ill. 436; *Hoyt v. Hoyt*, 27 N. J. Eq. 399; *Campbell v. Quackenbush*, 33 Mich. 287; *Pierce v. Hartrouck*, 49 Ill. 23; *Stewart v. Ball*, 33 Mo. 154; *Keeny v. Good*, 21 Pa. St. 355; *Gamber v. Gamber*,18 Ind. 363; *Primmer v. Clabaugh*, 78 Ill. 94; *Ryan v. Merriam*, 4 Allen 79; *Eystra v. Capelle*, 61 Mo. 578; *Hambright v. Brockman*, 59 Mo. 57; *Paul v. Leavitt*, 53 Mo. 595; *Hearle v. Kreihn*, 65 Mo. 205; *State v. Arnold*, 55 Mo. 91; *State v. Jaeger*, 66 Mo. 173. The trial court erred in refusing the instructions to the jury asked by plaintiff, and in giving those it gave of its own motion, touching the creation and continuance of a separate estate of a married woman. *Riddick v. Walsh*, 15 Mo. 519; *Prichard v. Ames*, Turner & Russ. 222; *Holthaus v. Hornbostle*, 60 Mo. 442; *Gentry v. McReynolds*, 12 Mo. 533; *Coughlin v. Ryan*, 43 Mo. 99; *Welsh v. Welsh*, 63 Mo. 57; *Clark v. McGuire*, 16 Mo. 302; *Boal v. Morgner*, 46 Mo. 48.

MARTIN, C.—This was an action on a bond of indemnity, given by the appellants to the sheriff of St. Louis, to indemnify Sarah Goldsoll for damages she might sustain by reason of the seizure, under writ of attachment, in favor of appellants, of certain personal property consisting of household furniture. The attachment was against her husband, and the property was seized as belonging to him. The answer denies the right of property in the wife, and alleges it as being in the husband at the date of the seizure. The jury found that certain articles sued for were presents given Sarah Goldsoll since the 25th of March, 1875, and for which they assessed damages in her favor in the sum of $148.51. Judgment was rendered in favor of plaintiff in accordance with this verdict. The plaintiff appealed, and the St. Louis court of appeals reversed and remanded the cause. *State ex rel. v. Chatham National Bank*, 10 Mo. App. 482.

The case seems to have been elaborately presented to

the court of appeals, which gave two decisions on the merits of the case, one being on the motion for rehearing. That court reversed and remanded the case for error in the trial court giving of its own motion the following instruction:

Touching the ownership of the property in controversy, the court instructs the jury as follows:

1. If you believe from the evidence that Mrs. Goldsoll's father, prior to her departure for this country, gave her $6,000, or any greater or less sum of money, for the purpose expressed at the time of the gift, that it was intended as a provision for the support of herself and children, and if you find that she also had at the time other money and jewels which she had earned and acquired whilst transacting business in her own name, and on her own account in Russia, and if you believe she brought with her to this country the funds thus given to her, and thus earned and acquired, and that after her arrival to the State of Missouri, by agreement between herself and husband to that effect, she continued to hold, manage and use said fund, and the property in which the same was invested as her individual property, free from the control of her husband, then, as a matter of law, the court instructs you that said fund thus acquired, held and used, (if it was so acquired, held and used,) by Mrs. Goldsoll, and any property in which the same was invested, continued to be the separate estate of Mrs. Goldsoll so long as it was so held, managed and used by her, and the same was not subject to seizure as the property of her husband for his debts, and if the jury believe that any of the property involved in this controversy described in the bond sued upon, was the property that Mrs. Goldsoll continued to hold as a part of her separate estate, in the manner above supposed on March 25th, 1875, that it was property purchased by her after said date, with her own separate money or means, then she will be entitled to recover the value of said property.

To understand this instruction in its application to the

case, it will be necessary to rehearse the purport of the evidence as conceded by counsel on both sides.

The record shows that testimony was offered by the relator tending to prove that in the year 1862, she being then a married woman having children, received in Russia from her father a gift of about $6,000 in Russian coin, and that said gift was made to her for her own use and benefit, to be kept from her husband, and to be applied by her, if necessary, in making provision for herself and her children, and that she had been engaged in business, manufacturing silver-ware, in Russia; that in the year 1862 she came with her children to St. Louis, bringing with her the said $6,000, and about $4,000 of her own earning, which she invested from time to time with her husband's consent.

That subsequently she sold out her interest in certain investments she had made, and converted her property into money and invested some of it in this furniture, and that some of this furniture was given to her by her friends and relations, and that none of it was purchased by her husband, and that he never claimed to exercise any acts of ownership or control over said personal property, and that said property was worth about $3,000.

On the other hand, the defendant offered evidence tending to disprove all the facts which plaintiff's testimony tended to prove, and also other evidence tending to prove that all said personal property, except some articles of trivial value, were bought by said Meyer Goldsoll with his own money, and that none of said property belonged to said Sarah Goldsoll.

The court of appeals held that if the money given to her by her father in Russia, was given to her separate use, and if the money and jewels acquired there in business were acquired while transacting said business in her own name, and on her own account, so as to become her separate estate, all of such property remained to her separate use after her arrival in this country, and did not depend upon the agreement and consent of her husband for the continu-

ance of its character as such. On reading the instruction at first, I was under the impression that it was not susceptible of the construction placed upon it by the court of appeals. It occurred to me that the court, in giving this instruction, intended it as applying to such gifts or acquisitions of the wife in Russia as did not exclude the rights of the husband under our laws. But its application to what we regard as her separate estate in equity, seems to be conceded by the learned counsel for the appellants in his brief, wherein he remarks: " The only substantial difference between this instruction and one upon the same question asked for by plaintiff, lies in the fact that the instruction of the court treats the consent or agreement of the husband as necessary to a continuance of a separate estate in Mrs. Goldsoll in the property in controversy." And accepting this to be the purport of the instruction, he contends that such agreement and consent were unnecessary. There being no evidence of the law of Russia as affecting the gift or acquisition in any way whatever, her rights therein must be disposed of according to our own laws. *Flato v. Mulhall*, 72 Mo. 522. And I have no hesitation in saying that whatever rights to separate property she possessed at the time of her arrival in this country, she would continue to possess in respect to that property, irrespective of the consent of her husband. Of course she could divest herself of these rights by her acts and deeds to that effect. But she would be protected here against the acts and doings of her husband, which might be in derogation of her rights and estate so acquired to her separate use. I am satisfied that the court of appeals was clearly right in reversing the case for the error of this instruction. If the gifts and acquisition had not been impressed with a trust of her separate use, exclusive of her husband, then whether it became so impressed after her arrival in this country in 1862, would depend upon the consent of the husband. That consent might have been manifested by an express agreement on his part, or by acts of his recognizing and approving her

separate dominion and estate.    *McCoy v. Hyatt, ante,* p. 130. In this I am not considering the effect or construction of the subsequent acts of 1865 or 1875.

During the trial the defendants, against the objections of plaintiff, were permitted to prove that Mr. Goldsoll had returned the property in controversy to the assessor as his, and had taken out a policy of insurance on it in his own name.   There was no evidence tending to prove that this was done with the knowledge and consent of Mrs. Goldsoll. The court of appeals held this evidence to be incompetent. The difficulty attending this kind of testimony is incident to the procedure of common law courts protecting and enforcing the rights of married women which were originally only creations in equity and unknown at law.   Of course, this evidence was incompetent to prove that any part of her separate estate as known in equity, had been relinquished by her or conferred upon her husband.   Her consent was wanting.   But as to any gift or acquisition from which his marital rights were not excluded, this evidence would be competent to repel the establishment of a separate estate, for the reason that no such estate could arise in respect to such property without his consent.   This consent may be evidenced by declarations and acts, as well as by express agreements.   If the jury should find that the gifts or acquisitions of property were not of such a character as excluded his marital rights thereto, or if they found the facts from which the law infers a general and not a separate estate of the wife, then this evidence is competent to prove that this general has never been changed into a separate estate, as claimed by plaintiff, but that it continued subject to the dominion of the husband at common law.

The objection raised to the qualification of juror Small does not become so important, in view of the necessity of reversing the case on other grounds.   The court accepts or rejects jurors according to their qualifications under the law, to try the case in which they are called.   The decision of the court accepting or rejecting a juror, is the decision

of a question of fact under the law, and it should be regarded in appellate courts like the decision of any other question of fact which it becomes the duty of the court to decide. If, when it comes up for review, it is supported by evidence, it ought not to be disturbed, although the seeming weight of evidence may be against it. The trial court is better able to pass on such a question than an appellate court. The juror in this case avowed his prejudice from the first. He had not conversed with either witnesses or parties, but had read some newspaper reports. He had no information from any source on the subject of ownership of the property claimed by plaintiff, which was the only issue in the case, and he had no opinion whatever on that issue. Nevertheless he avowed, after the challenge was overruled, that he had a prejudice that would require a considerable amount of evidence to remove, and asked to be excused from sitting. The impression made on my mind by a careful consideration of the examination of this juror is, that he had no actual disqualifying prejudice in the case, but that he was making what he regarded as a commendable effort to escape the burden and responsibility of an unpleasant and tedious trial. I do not think we would be justified in reversing the judgment of the trial court for its action in accepting this juror.

The deposition of Mrs. Goldsoll was competent evidence against her, being in the nature of admissions or statements adverse to her pretended rights. In *Slatterie v. Pooley*, 6 M. & W. 669, Lord Abinger, concurring with Baron Parke, stated, "that he had always considered it as clear law that a party's own statements were in all cases admissible against himself, whether they corroborate the contents of a written instrument or not." A party's deposition, as a written statement of facts, is admissible, although he may be present to testify or has testified. *Kritzer v. Smith*, 21 Mo. 296; *Charleson v. Hunt*, 27 Mo. 34; *State v. Eddings*, 71 Mo. 545; *Zimmer v. McLaran*, 9 Mo. App. 591.

For the reasons given herein, the judgment of the St.

Louis court of appeals, reversing the judgment of the St. Louis circuit court and remanding the cause, is affirmed. All concur.