State to use of Mary Grabinsky et al., Respondents, v. H. M. Smit et al., Appellants.

St. Louis Court of Appeals, December 8, 1885.

1. Married Woman—Husband and Wife—Separate Estate.—Money brought to this country from another, by a married woman and used by her in trade as her individual property with her husband's consent, becomes her separate estate, together with the personalty in which it is invested.

2. ———— Practice—Instruction—Evidence—Agency.—An instruction, in response to a written inquiry of the jury, that a power of attorney was admitted in evidence as tending to show that the husband was acting as the agent of the wife, held, to have been proper.

3. ———— Exemptions—Estoppel—Indemnity.—A husband's claim of exemptions as the head of a family does not estop the wife, on whose property an execution against the husband was levied, from maintaining an action on the indemnity bond given upon the filing of her claim.

4. ———— Evidence—Agency—Power of Attorney.—In such an action, the issue being as to whether the property, a stock in trade, belonged to the husband or to the wife, a power of attorney constituting him her attorney to manage her business, given some years previously, is competent and relevant.

5. ———— A sworn tax return by the husband, describing a part of the property as his, is incompetent on such an issue, in the absence of evidence tending to show the wife's assent thereto.

6. ———— Practice—Filing Instrument Sued on.—That the bond sued on was not filed with the petition nor produced at the trial is immaterial, it appearing that it had been lost since the beginning of the suit, and that evidence of its contents was given without objection.

7. ———— Evidence—Officer's Return.—In an action on an indemnity bond given under the statute, the officer's return, reciting that a claim to the property was made by the present plaintiff, is competent evidence of the fact.

8. ———— Waiver—Indemnity.—An officer may waive a formal written claim to property seized, and notwithstanding the informality of the claim the claimant may maintain an action on the bond of indemnity given in the case.

Appeal from the St. Louis Circuit Court, George W. Lubke, Judge.

*Affirmed.*

J. W. COLLINS, for the appellants: Whatever personal property belonged to the wife before mariage, is by the marriage absolutely vested in the husband. 2 Bl. Com., Cooley's ed. 433; 2 Kent, Com., 12 ed. 143; *Woodford v. Stephens*, 51 Mo. 443; *Walker v. Walker*, 25 Mo. 367. Evidence of a separate estate must be clear, positive, and free from taint. *Holthaus v. Hornbostle*, 60 Mo. 440; *Fisk v. Wright*, 47 Mo. 351. It was not shown that the property claimed by Mary Grabinsky was her separate property; and a married woman can only have an agent for her separate property. *Wilcox v. Todd*, 64 Mo. 390; *Hall v. Callihan*, 66 Mo. 316. The bond should have been alleged to be lost in the petition, in order to entitle respondents to go on with the suit. Rev. Stat. Mo., 1879, sect. 3560.

R. S. MACDONALD and E. P. JOHNSON, for the respondents: Assuming that all of the property came to Mary Grabinsky by inheritance, Max Grabinsky never reduced it to his possession and it was, therefore, her property. *Bangert v. Bangert*, 13 Mo. App. 144; *Walsh v. Chambers*, 13 Mo. App. 301; *Tennison v. Tennison*, 46 Mo. 77. The property in controversy became the separate property of Mary Grabinsky in a foreign country, and he could not have reduced it to his possession in this country so as to make it his own without her consent. *The State ex. rel. Goldsoll v. Chatham Nat. Bank*, 80 Mo. 626; s. c. 10 Mo. App. 482. Max Grabinsky permitted his wife to hold and use the property as hers and that made it hers. *McCoy v. Hyatt*, 80 Mo. 130; *Hammons v. Renfrow*, 84 Mo. 332. The claim of Mary Grabinsky was sufficiently proved by the return of the constable, which the statute required him to make and without which claim the bond could not have been taken. Sections 2, 3, Laws, 1855, p. 464. Besides, the execution of the bond was an acknowledgment that the claim had been made, and moreover a waiver of the making of a

claim, if in fact it had not been made, and estopped a denial of that fact. *The State v. Williams*, 77 Mo. 463. The bond having been lost, and a copy of the bond having been filed and lost, parol evidence of the contents of it that were denied was admissible in evidence. *Cross v. Williams*, 72 Mo. 577.

THOMPSON, J., delivered the opinion of the court.

This was an action upon an indemnifying bond given under the sheriff and marshal's act applicable to St. Louis. The petition recites the rendition of two judgments against Max Grabinsky by a justice of the peace in favor of the principal defendants herein ; the levy by a constable of executions, issued under such judgments upon certain personal property ; a claim of the same by Mary Grabinsky, this plaintiff, and the execution of an indemnifying bond to her under the statute, setting out the condition of the bond *in hæc verba*. The answer admits the rendition of the judgments, the levies of the executions, and the giving of the bond as stated, but denies that a claim was made in writing verified by affidavit, as alleged in the petition, and denies that the condition of the bond was as stated in the petition, but does not undertake to state what the condition of the bond was. There was a trial in the circuit court before a jury and a verdict and judgment for the plaintiff.

There was evidence tending to show that the plaintiff, Mary Grabinsky, is the wife of Max Grabinsky ; that about seventeen years before the trial, and consequently before the passage of the act of 1875 relating to the separate property of married women, she came to this country, bringing with her some $2,500, which she had inherited from her parents and received from her stepfather ; that she joined her husband, who had previously come to this country, in Montana; that they afterwards came to St. Louis ; that she went into business in St. Louis in various trades, twice as partner of other persons, and finally in the business of running the grocery, upon the stock of which the

levies in question were made. A power of attorney executed by her in 1873 and recorded in the office of the recorder of deeds in the city of St. Louis, empowering her husband to transact all business for her and in her name, was put in evidence against the objection of the defendant. The constable's return to the principal execution recited the levy, a claim of the property as exempt by Max Grabinsky, and also a claim of the property by Mary Grabinsky, and the giving by the plaintiff in the execution of an indemnifying bond. The bond was not produced at the trial, but the plaintiff's attorney testified that he had the original bond before him at the time he drew the petition, and that the condition of the bond was the same as that set out in the petition.

The argument made by the learned counsel for the defendants at the bar would impress us very much, if this were a suit in equity in which we had the power to deal with the facts. But it was a suit at law, tried by a jury, and it is sufficient for us to say with reference to the facts that, although the state of facts which the plaintiff's evidence tended to prove was so much shaken by evidence produced by the defendants that we might be able, if sitting as chancellors, to reach a conclusion contrary to that reached by the jury ; yet, as there was substantial evidence to support their verdict, we cannot interfere with it.

All the instructions offered by the opposing counsel were given, and, therefore, the defendants are limited in their complaint under this head to the action of the court in giving two instructions for the plaintiff. The first was as follows : "If the jury believe from the evidence that Mrs. Mary Grabinsky inherited from her parents, prior to her departure for this country from Europe, a sum of money ; and if they further find from the evidence that she had at that time other money which she had earned whilst transacting business in her own name and on her own account ; and if they further believe from the evidence that she brought with her to this country the fund thus inherited and thus earned and acquired by her,

or any portion thereof, and that both before and after her arrival in the state of Missouri, by agreement or understanding between herself and her husband to that effect, she had previously held and continued to hold, manage, and use said fund or such portion thereof as she may have brought to this country, and the property in which it was invested as her individual property, free from the control of her said husband, then, as a matter of law, the court instructs you that said fund or such portion thereof as she may have brought to this country, so acquired, held, and used by her, was, and any property in which it was invested continued to be, her separate property as long as it was so held, managed, and used by her; and during such time was not subject to seizure or sale under execution as the property of her husband, or for the payment of his debts. And if the jury further find from the evidence that any of the property involved in this controversy and described in the bond sued upon was the separate property of Mrs. Mary Grabinsky, as hereinbefore supposed, at the time of the levy upon and sale of the same under executions against her husband, they will find for the plaintiffs the reasonable value of any such property at the time it was sold by the constable." This instruction was appropriate to the evidence and was well warranted by decisions of the supreme court and of this court. *McCoy v. Hyatt*, 80 Mo. 130; *The State ex rel. v. Chatham Nat. Bank*, 80 Mo. 626; *Kidwell v. Kirkpatrick*, 70 Mo. 214; *Bangert v. Bangert*, 13 Mo. App. 144, 153, and other cases.

The second instruction complained of was given by the court under the following circumstances as recited by the record: "After the jury had retired to consider and were considering the said case, and being unable to agree without further instructions from the court as to the law of the case, the jury, by its foreman, presented the following written interrogatory to the court then in session, to-wit:

"'To the Hon. Judge Lubke: Are we to assume that the power of attorney given by Mary Grabinsky

and placed upon record was sufficient notification in law to all persons, that the business carried on at No. 1017 North Seventh Street, under the name of M. Grabinsky, was Mary Grabinsky?

(Signed) 'ELIJAH M. SAMPSON,

'Foreman.'

" Whereupon, the court of its own motion, while so still in session, without notice to defendants or their counsel, gave to the jury, after it had so retired, and after the case had been submitted to it, the following additional instruction, writing the same upon the same sheet of paper upon which the jury had presented said interrogatories, so that all that passed between the court and the jury would appear in writing and on file in the case, to-wit : ' The court admitted this power of attorney in evidence as testimony tending to show that the husband was acting as agent for the wife. If he was so acting in fact and the property in the store belonged to her in fact, as is required to be found under the other instructions given you, she will be entitled to recover. If it was not her property in fact, then she is not entitled to recover, and the recording of the power of attorney will be of no consequence.' "

There was no error whatever in the written response that the learned judge thus made to the jury. It did not instruct them on the weight of evidence or upon the sufficiency of the power of attorney as an evidential fact. It merely told them what was the fact, that it was admitted as tending to show an agency on the part of the husband for his wife ; and then it cautioned them that the essential fact in issue, whether the property in controversy belonged to her or to him, was to be determined by them under the instructions already given.

There was nothing in the objection that the plaintiffs failed to prove that Mrs. Grabinsky made a claim to the property levied on, before the bond was given. The constable's return recited that she made such a claim, and that, we think, was competent evidence of the fact. That was the only evidence of the claim in *Steele to use*

*v. Farber* (37 Mo. 71, 83), and the supreme court seemed to treat it as sufficient, though it does not appear that a specific objection on this ground was made. The return also recites that the "plaintiff also filed an indemnity bond as against Mary Grabinsky." These recitals show that Mary Grabinsky claimed the property and connected the bond sued on with her claim. It is true that the sheriff and marshal's act ( 2 Revised Statutes, 1555, section 3), provides that "no claim made to any personal property, levied on as aforesaid, shall be valid or lawful as against such officer, unless such claimant shall set forth his claim in writing, verified," etc., stating distinctly what the claim shall recite. It is also true that the taking of a good bond of indemnification under the statute exonerates the officer from liability " to such claimant" for any damage, etc. (*Id.*, section 5), and that an action on the bond is given in terms to the claimant. *Id.*, section 4.

From this it is plain that in order to show a right of action, it is necessary for the plaintiff to show that she claimed the property and that the bond was given for her indemnity because of such claim ; otherwise her remedy would be the same as that of any other person, not the defendant in the execution, whose property may have been included in the levy, namely, an action against the officer and the plaintiff in the execution for trespass. It has been so held under the the general statute relating to actions on indemnifying bonds. *Stewart to use v. Ball*, 35 Mo. 209 ; *Steele to use, v. Farber*, 37 Mo. 71.

But it does not follow from this that a claim in formal compliance with the statute is necessary to the validity of the bond.

It was held in *Bradley v. Holloway* (28 Mo. 150), that the officer would not be protected by a bond given in answer to an informal claim. But subsequently in *The State to use v. Watson* (30 Mo. 122), it was held that it was immaterial whether the claim was made under the third section of the act or not; that it may be made orally, and that if the officer chooses to treat the claim

as valid and demands an indemnification bond, the taking of a sufficient bond relieves the officer from liability to the claimant for the levy and sale. See, also, *Eichelmann v. Weiss*, 7 Mo. App. 87.

A bond which will protect the officer from an action by the claimant will necessarily support an action by the claimant against the obligors therein. The language of Judge Holmes in *Steele to use v. Farber* (37 Mo. 71, 83, 84), a case arising under the statute relating to executions, that "those who do not make such a claim in writing under the act are barred of their action against the sheriff," and that "persons who have never made claim in writing in this manner, being left to their actions against the officer, have no right to sue upon the bond at all; it is not given for their benefit;" is based upon *Bradley v. Holloway*, *supra*, which case is necessarily overruled by *The State to use v. Watson*, *supra*.

Besides, as it was based upon the terms of the general law, it can not be regarded as overruling *The State to use v. Watson*, which was decided under the sheriff and marshal's act, the statute under which the bond here sued on was taken. Beyond this the language is plainly *obiter dicta*, because the question was whether certain persons other than the claimant could join him as plaintiffs in the suit upon the bond, where the petition alleged that he claimed the property for himself and them, and where the evidence furnished by the sheriff's return was that he claimed the property in writing as his own.

The fact that Max Grabinsky, as shown by the constable's return, but denied by him in his testimony, may have claimed a portion of the property as exempt to him, under the statute as the head of a family, was merely a relevant circumstance for the consideration of the jury. His action in so claiming it would not conclude Mrs. Grabinsky's rights, unless he had done it with her assent, which the evidence does not show.

The power of attorney, with evidence that it had

been recorded as early as 1873, six years before the levies were made, was properly admitted as a relevant circumstance in connection with the other evidence tending to show that, although Max Grabinsky may have been the active manager of the business, he may have been acting as his wife's agent. The weight to be given to it was a question for the jury, and in the instruction above set out the court carefully pointed out its evidential tendency to them.

The court committed no error in refusing to allow a witness to prove the signature of Max Grabinsky to a tax return in which he had returned certain store fixtures in the store in which the levies were made, for taxation. There was no evidence tending to show that the return was made with Mrs. Grabinsky's knowledge or consent. Such a return would at most be a declaration by him of his own ownership, and on well settled principles his declarations to third persons were not admissible as against his wife to prove that property claimed by her belonged to him, and so the court properly instructed the jury. This precise point was adjudged in *The State ex rel. v. Chatham Nat. Bank* (80 Mo. 626), affirming s. c., 10 Mo. App. 482.

We do not see the force of the point that the bond was not filed with the petition or produced at the trial. It was shown by the evidence to have been in the possession of the plaintiff, when the action was brought, and it was shown that a copy had been filed and that both the bond and the copy had been lost. The execution of the bond was admitted in the answer. No objection was made to the testimony adduced by the plaintiff touching its condition. In fact, this objection does not appear to have been brought to the attention of the court below in any form, either before or at the trial, or in the motion for new trial.

The judgment of the circuit court will be affirmed. It is so ordered. All the judges concur.